Basilio Torres-Rivera v. Alejandro Garcia-Padilla Good morning. May it please the Court, Margarita Mercado, on behalf of Alejandro Garcia-Padilla and Grace Lozada-Crespo, I would like to reserve four minutes for rebuttal, please. Four minutes? Yes, you may have it. In this case, it is our contention that the preliminary injunction that was issued by the District Court should be vacated as a plaintiff appellee does not hold a property interest over the exercise of the position of president of the Industrial Commission. The position of president is a purely executive office and it's subject to at will removal by the governor. I would like to point out that under the statute that plaintiff appellee was appointed, it's law 141 of 2009, there is no restriction upon the power authority of the governor to remove the president of the commissioner. There's no just cause requirement and there's no statutory term appointment that applies to the president. It is our contention that the District Court erred in imputing the six-year term that only applies to commissioners in stating that it applied to the president. Counsel, a lot of paper has been flying back and forth on the two cases that we're hearing today, which have to do with, if you will, the power of one administration to follow legislation, which appears to permit the removal of highly placed officials in your state government with the change in administration brought about by the elections. So there is, of course, the Puerto Rican Supreme Court decision in Diaz-Carrasquillo. So before one gets into that decision, one question is whether this case is sufficiently like Diaz-Carrasquillo so that we should take the lessons, whatever they are, from that decision. And I take it you are making the argument that Torres Rivera's case is unlike Diaz-Carrasquillo, not the federal court decision, the state court decision. Okay, could you flesh that out further for us? As we stated in our reply brief, this case is distinguishable from the Diaz-Carrasquillo scenario. Under the Diaz-Carrasquillo case, there was a tenure of appointment to the advocate of persons with disabilities, and there was a just cause requirement. So that alone separates this case from the Diaz-Carrasquillo case. The Diaz-Carrasquillo case, as we litigated that in this court, it's an abolishment case, a purely abolishment case, as this court found, not a removal case, a purely removal case as this one, in which the duties of the president, which is the only position that plaintiff was removed from, he is still a commissioner holding that office as of today. It's a different scenario because here it is a purely executive officer that was removed from one of his appointments under the law. We do have an argument in this case that law 180 of 2013 reorganized the industrial commission, giving the governor authority to appoint a new president because the position was abolished. But our main argument, which distinguishes this is... Before you get to your main argument, is it possible to think of this case as being different because it's not a question of abolishing an office and then recreating the office, but whether the legislature has repealed limitations that formerly existed on the position of the governor. So that what the repeal is, is a limitation on the governor's power for the number of years, six years, and therefore this case is different than the Diaz-Carrasquillo case? Yeah, that's precisely the difference. Because here, since at least 2002, it has been clear that the president is a confidential employee subject to what will removal. In the 2009 statute, it is clear that the legislator did not impose any restriction on the power of removal, which is different from the Diaz-Carrasquillo case. All right, now you will get a chance to argue what you want to, but there are some questions that are helpful to us to have you answer. So the way I understand the federal procedural due process clause, there has to be a claim that the state has inadequate due process to hear a particular claim. And that if, for example, someone is removed from office, there has to be either adequate due process or inadequate due process. And that normally that's left to the state court system. So to my mind, the Diaz-Carrasquillo case has a different significance than the significance about limitations on governor's powers. It seems to suggest that the Puerto Rican state court system is a perfectly adequate procedural due process forum, because people can receive relief there. And as a result, those claims really should be in the state court system and not in the federal court system. That the federal court would be ill-placed to say that the state court cannot give adequate process here. And in the Rivera case, the state court seems to be saying, apart from its specific holding, that they are more than adequate to decide these questions. So then it becomes a matter of whether federal court intervention in this situation is warranted. That's slightly different than the arguments you have been presenting to us. But it does seem to me that after Rivera-Carrasquillo from the state court, it's a valid question for us to be asking. And please do not tell me that the Puerto Rican Supreme Court decision is wrong. Whether it's right or wrong is not the point. I was going to refer to the scope of the issues that they decided in that case regarding the concern about whether state court should be the ones to address due process claims. In that decision, the court addressed the scope of what they deem are property interests under Puerto Rico law. I don't read the decision as stating that the proper forum to address due process violations is the state court. We do have, as we have stated in our briefs, issues with the scope of the decision that we think it's an advisory decision, but I won't go into that. But I don't read it as precluding federal court from addressing federal claims. They wouldn't have the power to preclude us anyway. The way the federal doctrine works, it's a fail-safe to provide a due process forum when the state has not provided an adequate forum. And the mere fact that the Rivera-Carrasquillo court decided these questions would seem to establish that there is an adequate state forum. In my estimation, as I stated, the court is just explaining an allegedly unclear issue of state law regarding entitlement. What are property interests under state law? Is there something about state court procedures whereby Mr. Torres Rivera could not get the exact same relief that he's seeking from us? In other words, could he file something in state court, particularly after this state Supreme Court decision, could he file something in state court seeking injunctive relief based upon the Supreme Court's decision that he may have a proprietary interest in keeping his job and not be able to get the relief he's seeking? He is not precluded from filing, as it occurred in the Diaz-Carrasquillo case, there's currently a state court proceeding pending. But in this case, Montañez's case, he sought relief in federal court and he was granted relief that we view as contrary to the law. Okay. The other case, in a sense, if there's a pending state court proceeding involving the same issues, then it's sort of easier for the federal court to defer to the state court. But why does it matter, since the federal due process clause is geared under Supreme Court precedent in such a way to be invoked only when the Supreme Court's decision is made? I don't know if I gather your concern correctly. Well, you've just admitted that he has an adequate procedure in the state court. He had an adequate procedure, but he chose to file a suit in federal court. And that's what we're raising the question about. He may choose to, but the federal court notion of when a citizen of a state can invoke the federal due process clause depends upon the inadequacy of the state procedural or judicial remedies. The threshold question that I think is the basis of this appeal is that although he's invoking the due process clause, this is not the same case as the Diaz-Carrasquillo case. This is a power of removal. So in that sense, I suggest that it's incumbent upon this court to address the different scenario in this case that is the absolute power of removal, which is not... Yes, one could say here that, if you will, the question of whether there's a property interest could be decided by the federal court. Or it could be decided by the state court. And I'm raising the question about why that's a good starting point, because the state court is perfectly capable of deciding whether there's a property interest. Whether they've done so in this case or not kind of isn't the real question. He could be in the state system. He could get an answer from the state courts as to whether he has a property interest that continues despite the legislature's removal and further empowering of the government as to governor, as to his ability to remove the person. That's, in a sense, a different question than was resolved in Rivera. But the point is that the state court system is perfectly capable of answering that question. And so why should the federal court be intervening? I'm actually making an argument I would have thought you would embrace. I should stress that in this case there's a preliminary injunction and that this court, that we have a right to request a vacater or review of that decision. And the plaintiff has not stated that he would seek redress in state court. To the contrary, he has a remedy in federal court that we believe that it is clear under state law that he's not entitled to that remedy. And as a matter of federal jurisdiction, we request that this court not abstain from addressing that issue. You've reserved a few minutes. We'll hear from your opponent. Good morning. Let's start with the fact that this is not a First Amendment case, correct? Your Honor, this case was filed both for due process and political discrimination. But the injunction is issued on... And was the First Amendment claim dismissed in the case? No, it hasn't been. It was not part of the injunction, but it's still part of the allegations on the complaint. All right. Has the district court resolved the question of whether this was a high-level official? Yes, Your Honor. In the case of Mr. Torres, the district court solved basically the same issues as the other cases. You're not answering my question, please. First Amendment protections do not apply to high-level policy-making officials. That is the law. The question is whether the district court has addressed that question in this case. No, Your Honor, it hasn't. And did the state move to dismiss the First Amendment claim? No, it hasn't, Your Honor. Now let's get to the procedural due process claim. Yes, Your Honor. Basically, our contention is that this case is... Are you going to answer the question I raised? I'm sorry, Your Honor? Could you address your comments to the question I raised about whether there is a federal due process claim here at all, given the adequacy of the state court system to handle these questions? Well, Your Honor, we believe that the state court can handle it. Basically, Mr. Torres decided to file a federal court. Is there any relief available in federal court that is not available in state court? It was a matter of choosing the forum, because we believe... The complaint states specifically that there was a violation of due process clause and there was political discrimination. Okay, have you answered my question about whether there is anything inadequate about the state court system to handle these? To answer bluntly, Your Honor, we don't believe there is... The state forum is inadequate. Okay, so it is adequate for your procedural due process claim for you to be in the state court system? In light of the jurisprudence and in light of the Supreme Court's decision, we believe so, Your Honor. Yes, we believe so, Your Honor. We have to be frank. Yes, I appreciate that. Your Honor, I have inquired a sister counsel regarding the difference in this case and the DS case and the other cases. On the question of whether there is a property, right? Yes, Your Honor. Basically, our contention is that Mr. Torres received two different appointments. An appointment for being the president of the commission and as a commissioner. We know that. How is this case like and unlike Rivera-Carrasquillo? It is exactly the same, Your Honor. The legislature passed a law which had the sole effect of removing Mr. Torres. I thought it was merely an alteration of a prior restriction on the removal power of Mr. Torres. Yes, Your Honor. Before the governor was subject to the six-year time period and now as a result of legislation, he is not. Or at least that's what the legislature purports to say. Whether it's valid is a state law question. Yes, the 2009 law, which was the law in effect when Mr. Torres was appointed, did not attach a term to the position of chairman. And if the position was severable, as the state alleges, we believe that the 2013 amendment would be unnecessary. I mean, there was, the commissioners, the law states a six-year term, a six-year fixed term. Didn't the prior case have to do with the abolishment of a position and then at least from the Puerto Rican Supreme Court's opinion, the recreation of the very same position so that they said it wasn't actually an abolishment? Okay, isn't that a different question than we have here? No, it is not, because the Supreme Court decided that when the legislature enacts a specific act which has the effect, the sole effect of having the officer removed, then it's an administrative... So the mechanism doesn't matter? I'm sorry? The mechanism doesn't matter? Well, that's our contention, Your Honor. The mechanism, you mean the enactment of the law? Well, in one, they abolish a job and then they recreate it with all of the same... Yes, but the effect... The analysis has to be the same. No, I think that's too blunt. I rather doubt your court would ever adopt such a policy. Well, the thing is, when you analyze the functions of these positions, which have judicial positions, and that's basically something that is uncontested. Yes, but you see, the model I'm suggesting to you doesn't turn on the answer to whether there are quasi-judicial functions or not. It turns on something else. It turns on whether protection is given and a governor's power to remove is restricted, or the legislature removes that restriction and says, no governor, you're not restricted by a six-year term. And that's why we really believe that it's the same analysis, because when the Supreme Court ruled in the Escarroquillo, it said that when the effect of the legislation is solely to remove the officer, and yes, it was in the context of the abolishment of an agency. No, again, but I tend to think of this... The legislation does not dictate the removal of the officer the same way that an abolishment of a position does. The thing is, Your Honor... And a governor could choose to continue someone in an office, although I suppose it's unlikely if there are different political parties involved. But it doesn't necessarily follow that there will be a removal once the governor's power to remove is enhanced. Yes, but that was one of the things that the Supreme Court ruled on about, is that when that officer is... Received that fixed term on his position, he has a proprietary right on it. So our contention is the same, that Mr. Torres has that proprietary right. And as a matter of state law, that may or may not be correct, but why can't the state court make that decision? Why can't it? Yeah. Why is the federal court involved here at all? As I stated before, Your Honor, because it was a choice of Mr. Torres to elect this forum, basically because there was an issue of due process and a First Amendment issue. And just to repeat, you can get adequate relief in the state court? To be sincere, we do, Your Honor. Thank you. If your sister says anything that catches you by surprise, we'll give you more time. Okay. Thank you. A few clarifications. The government did move for dismissal of the political discrimination case. It is in docket 32 before the district court, and it's pending adjudication, so that was requested. How long has that request been outstanding? I believe it's a few months. I don't quite remember the exact. I have it. I can double check it. But it's been, it was maybe around February, March 2014, near the preliminary judgment. About a year ago? Over a year ago. That's right. It's pending adjudication. So the merits of the case. And what was the argument to dismiss the First Amendment claim? That he's not protected under the First Amendment, and that he doesn't meet the, and then we went into the merits, that he doesn't meet the criteria for a political discrimination case. We do believe that, as I stated before in your brief, that he's subject to free removal by the position of the president, and that the statute, the 2013 statute, it's not meant to discriminate on the basis of the merits. It's meant to discriminate on the basis of his political affiliation, such, it's a similar case to the prior Torres Rivera case that this court addressed. Okay. In which the validity of a similar statute was put into question on the basis of a First Amendment claim, and this court determined that law of applicable, of general applicability could not be deemed to have discriminated on First Amendment basis. So that's the summary of our arguments, and it's pending before the district court. All right. Also, in line with that, I take issue with brother counsel's characterization that the sole purpose or effect of the statute of the 2009 law was to remove him. The legislator established the reasons why they were restructuring the agency, dealing with efficiency, and a new administrator was created under the 2013 law in order to allow the president, not the president, but the legislature to be able to remove him. So there was a significant change in the duties of the president within the commission that now does not have all the administrative duties that he had. Under the prior law, the chair could delegate functions, but there was no position of executive director. Is that your point? Yeah. Under the prior law, there was an executive director, and it was upon incumbent and the discretion of the president to delegate. Excuse me. There are just some language problems. Did you say there was no executive director? There was an executive director that the president could delegate in his discretion some duties, but now there's a separate position that by law is in charge of the administrative duties. That didn't exist before. Is that the executive director? It's called the administrator. It's not an executive director. It's an administrator, and now he is charged under the law with those administrative duties that before the president was in charge of. So now the president no longer delegates to the executive director. The executive director has certain powers regardless of the president. I have to be candid. I don't quite remember right now if the executive director position still exists, but the administrator is charged with administrative duties under the law. I would also like to clarify that the six-year term, there has never been a six-year term applicable to the president. Under the 2002 amendments and the 2003 amendments, the president or chairman was subject to free removal of the executive director. So there were term restrictions. In the 2002 statute, the president would hold office for four years during the same tenure as the governor. Then in 2003, that tenure would end during the election year.